Case 2:25-cv-00090-BR   Document 1-1   Filed 04/23/25   Page 1 of 10   PageID 4

11694
Childress County - District Clerk

Filed: 3/24/2025 12:00 AM
Tiffany Howard
Clerk, County/District Court
Childress County, Texas
Tiffany Howard

CAUSE NO. _____

| | | |
|---|---|---|
| CRISTOBAL RODRIGUEZ, JR., | § | IN THE DISTRICT COURT |
| Individually and as Surviving Spouse and | § | |
| Representative of the Estate of Raquel | § | |
| Garcia Rodriguez, and LYDIA MARTINEZ | § | |
| RUDY RODRIGUEZ and SYLVIA | § | |
| RODRIGUEZ, Individually | § | |
| | § | |
| vs. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| ENERTIS SOLAR, INC., d/b/a | § | |
| ENERTIS APPLUS+ and | § | |
| JASON MICHAEL TARKER | § | CHILDRESS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs CRISTOBAL RODRIGUEZ, JR., Individually, as Surviving Spouse and as Representative of the Estate of RAQUEL GARCIA RODRIGUEZ, and LYDIA MARTINEZ, RUDY RODRIGUEZ and SYLVIA RODRIGUEZ, Individually, and file this their Original Petition complaining of Defendants ENERTIS SOLAR, INC., d/b/a ENERTIS APPLUS+ and JASON MICHAEL TARKER and for such cause of action, would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1   Plaintiffs plead that discovery should be conducted in accordance with a discovery control plan, Level 3, under Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### PLAINTIFFS

2.1   Plaintiff CRISTOBAL RODRIGUEZ, JR., is the surviving spouse of Raquel Garcia Rodriguez and is a resident of Childress County, Texas.

2.2     Plaintiffs LYDIA MARTINEZ, RUDY RODRIGUEZ and SYLVIA RODRIGUEZ are the surviving adult children of Raquel Garcia Rodriguez and are residents of Texas.

## III.
## DEFENDANTS

3.1     Defendant JASON MICHAEL TARKER is an individual who at the time of the collision the subject of this suit was residing in Childress County, Texas.  The law firm of McCarn, Weir & Sherwood, PC, 905 South Fillmore Street, Suite 530, Amarillo, Texas 78101 has been authorized to accept service on behalf of this Defendant.

3.2     Defendant ENERTIS SOLAS, INC., d/b/a ENERTIS APPLUS+ (hereinafter "Enertis") is a foreign corporation doing business in the State of Texas.  Defendant may be served with citation by serving its registered agent: Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3.3     To the extent that a Defendant is/was conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to Rule 28 of the Texas Rules of Civil Procedure.  Plaintiffs further demand that upon answering this suit, Defendant answer in its correct legal name and assumed name.

## IV.
## MISNOMER/ALTER EGO

4.1     In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein.  Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

V.

**JURISDICTION AND VENUE**

5.1     The amount in controversy is within the jurisdictional limits of this Court.  The Court has jurisdiction to grant all relief requested by Plaintiffs.

5.2     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief, the maximum of which is over $1,000,000.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.

5.3     Venue of this lawsuit is proper in Childress County pursuant to Texas Civil Practice & Remedies Code Annotated § 15.002(a)(1) as all or substantial part of the events or omissions giving rise to this cause of action occurred in Childress County, Texas.

VI.

**RESPONDEAT SUPERIOR/VICARIOUS LIABILTY**

6.1     Plaintiff would show that Defendant Jason Michael Tarker was an agent, servant and/or employee of Enertis and was, at the time of the incident made the basis of this suit, acting within the course and scope of his employment for said Defendant. Pursuant to the doctrine of respondeat superior, Defendant Jason Michael Tarker's negligent acts and/or omissions are imputed to Defendant Enertis.

VII.

**FACTS**

7.1     Plaintiffs bring this lawsuit to recover for wrongful death damages arising out of a collision which occurred on or about November 9, 2024 near the intersection of US Highway 287 and Madison Avenue in Childress, Texas.  On this date, Defendant Jason Michael Tarker, was intoxicated and driving northbound in the 500 block of Madison Avenue and approaching

the intersection of US Highway 287 when he failed to control his vehicle, veered to the right, jumped a curb, struck a sloped concrete barrier, struck a pedestrian traffic control device and went airborne crashing into the vehicle occupied by Cristobal Rodriguez, Jr. and Raquel Garcia Rodriguez. Raquel Garcia Rodriguez was tragically killed and Cristobal Rodriguez, Jr. sustained serious injuries.

7.2    At the time of the collision, Defendant Jason Michael Tarker was operating a motor vehicle while in the course and scope of his employment with Defendant Enertis.

## VIII.
## NEGLIGENCE – JASON MICHAEL TARKER

8.1    Plaintiffs would show that Defendant Jason Michael Tarker was negligent in at least the following respects:

    a.    In failing to maintain proper control of his vehicle;

    b.    In failing to control his speed;

    c.    In failing to timely and properly apply his brakes;

    d.    In operating his vehicle in a careless manner;

    e.    In operating his vehicle while intoxicated and/or impaired;

    f.    In failing to exercise that degree of care and prudence which an ordinary reasonable person would exercise under the same or similar circumstances.

8.2    The above enumerated acts and/or omissions on the part of the Defendant Jason Michael Tarker, alone or in combination with others which may be shown after discovery in this cause, constitutes negligence and/or negligence per se which was/were a proximate cause of the wrongful deaths of Raquel Garcia Rodriguez and the damages that Plaintiffs sustained.

8.3    Defendant Enertis is also liable for the actions and/or omissions of Defendant Jason Michael Tarker listed above based on respondeat superior and/or vicarious liability.

## IX.
## **NEGLIGENCE – ENERTIS**

9.1   Plaintiffs would show that Defendant Enertis was negligent in at least the following respects:

a.   In negligently entrusting a motor vehicle to Defendant Jason Michael Tarker, a driver it knew or should have known was incompetent or reckless;

b.   In negligently hiring Defendant Jason Michael Tarker when it knew or by the exercise of reasonable care should have known that Defendant Jason Michael Tarker was an unsafe driver and was not competent to perform the requisite duties of his employment in a safe and prudent manner;

c.   In negligently retaining Defendant Jason Michael Tarker as an employee.

9.2   The above enumerated acts and/or omissions on the part of Defendant Enertis, alone or in combination with others which may be shown after discovery in this cause, constitutes negligence which was/were a proximate cause of the wrongful death of Raquel Garcia Rodriguez and the damages that Plaintiffs sustained.

## X.
## **WRONGFUL DEATH AND SURVIVAL STATUTE**

10.1   This action is brought under § 71.001 et seq., of the Texas Civil Practice and Remedies Code, commonly referred to as the Wrongful Death Statute, and pursuant to § 71.021, of the Texas Civil Practice and Remedies Code, commonly referred to as the Survival Statute.

10.2   Plaintiffs are wrongful death beneficiaries under the Wrongful Death Statute. Pursuant to the Texas Probate Code, no administration is pending and none is necessary. Plaintiff Cristobal Rodriguez, Jr., in his capacity as wrongful death beneficiary and representative of the estate brings this action for the benefit of all other surviving beneficiaries, namely the children of Raquel Garcia Rodriguez.

## XI.
## ACTUAL DAMAGES – SURVIVAL STATUTE

11.1     Plaintiffs would show that Raquel Garcia Rodriguez was not killed instantly in the collision but suffered conscious physical pain and mental anguish prior to her death. Defendants' negligent acts were a proximate cause of tremendous conscious pain, suffering, terror, and mental anguish to Raquel Garcia Rodriguez preceding her eventual death.  Plaintiffs seek compensatory damages as allowed by the Survival Statute as follows:

  a. Raquel Garcia Rodriguez's conscious physical pain and suffering suffered by her prior to her death;

  b. Raquel Garcia Rodriguez's conscious mental anguish suffered by her prior to her death;

  c. medical and hospital expenses received by Raquel Garcia Rodriguez for treatment of injuries sustained by her as a result of the collision in question; and

  d. funeral and burial expenses.

## XII.
## SPOUSE'S ACTUAL DAMAGES – WRONGFUL DEATH STATUTE

12.1     Plaintiff Cristobal Rodriguez, Jr. seeks to recover an amount of money, which, if paid now in cash would reasonably compensate him as a result of the death of Raquel Garcia Rodriguez.  Plaintiff Cristobal Rodriguez, Jr. seeks:

  a. loss of the household services and domestic duties performed by Raquel Garcia Rodriguez before the collision made the basis of this suit;

  b. loss of spousal consortium;

  c. loss of companionship and society, meaning the loss of the positive benefits flowing from the love, comfort, companionship, and the society that Plaintiff Cristobal Rodriguez, Jr., in reasonable probability, would have received from Raquel Rodriguez had she lived, in the past;

  d. loss of companionship and society that, in reasonable probability, will be sustained in the future;

    e.    pecuniary loss, meaning the loss of the care, maintenance, support, services, advice, counsel and reasonable contributions of a pecuniary value, that he, in reasonable probability, would have received from his wife had had lived, in the past;

    f.    pecuniary loss that, in reasonable probability, will be sustained in the future;

    g.    Mental anguish, including emotional pain, torment and suffering as a result of the wrongful death of his wife, in the past;

    h.    Mental anguish that, in reasonable probability, will be sustained in the future.

12.2    The above enumerated damages, which will in all reasonable probability continue in the future, were proximately caused by the negligence of the Defendants. Based on the foregoing, Plaintiffs plead for an amount of the actual damages which the jury deems reasonable under the circumstances which is in excess of the minimum jurisdictional limits of this Court.

## XIII.
## CHILDREN'S ACTUAL DAMAGES – WRONGFUL DEATH STATUTE

13.1    As a result of the untimely death of Raquel Garcia Rodriguez, Plaintiffs Lydia Martinez, Rudy Rodriguez and Sylvia Rodriguez have suffered the following losses, which they would have received during Raquel Garcia Rodriguez's lifetime:

    a.    loss of parental consortium;

    b.    pecuniary loss, meaning the loss of the care, maintenance, support, services, advice, counsel and reasonable contributions of a pecuniary value, that they, in reasonable probability, would have received from Raquel Garcia Rodriguez had she lived, in the past;

    c.    pecuniary loss that, in reasonable probability, will be sustained in the future;

    d.    loss of companionship and society, meaning the loss of the positive benefits flowing from the love, comfort, companionship and society that they, in reasonable probability, would have received from Raquel Garcia Rodriguez had she lived, in the past;

    e.    loss of companionship and society, that in reasonable probability, will be sustained in the future;

    f.     mental anguish in the past; and

    g.     mental anguish, that in reasonable probability, will be sustained in the future.

13.2    The above enumerated damages were proximately caused by the negligence of the Defendants. Based on the foregoing, Plaintiffs plead for an amount of the actual damages which the jury deems reasonable under the circumstances which is in excess of the minimum jurisdictional limits of this Court.

### XIV.
### CRISTOBAL RODRIGUEZ, JR.'S PERSONAL INJURY CLAIMS – SEPARATE BODILY INJURIES

14.1    As a direct and proximate result of the aforesaid negligence on the part of Defendants, Plaintiff Cristobal Rodriguez, Jr. sustained injuries and is entitled to the following legal damages as a result of the conduct of the Defendants:

    a.     Past medical expenses;

    b.     Medical, hospital, pharmaceutical expenses that, in reasonable probability will incur in the future;

    c.     Physical pain and suffering experienced in the past;

    d.     Physical pain and suffering that, in reasonable probability, will suffer in the future;

    e.     Mental anguish experienced in the past;

    f.     Mental anguish that, in reasonable probability, will suffer in the future;

    g.     Physical impairment in the past;

    h.     Physical impairment that, in reasonable probability, will suffer in the future.

14.2    The above enumerated damages were proximately caused by the negligence of the Defendants. Based on the foregoing, Plaintiffs plead for an amount of the actual damages which

the jury deems reasonable under the circumstances which is in excess of the minimum jurisdictional limits of this Court.

## XV.
## EXEMPLARY DAMAGES

15.1    The above-mentioned acts of negligence on the part of Defendants were of such character as to make Defendants guilty of gross negligence.  Defendants' acts of negligence when viewed objectively from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiffs.  The gross negligence of Defendants was a proximate cause of the collision and of the injuries and damages suffered by the Plaintiffs. As a result of Defendants' gross negligence, Plaintiffs seek and are entitled to an award of exemplary damages.

## XVI.
## PRE-AND POST-JUDGMENT INTEREST

16.1    Plaintiffs seek recovery of such pre- and post-judgment interest as permitted by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final trial by jury, that a Judgment be rendered for Plaintiffs against Defendants for actual and exemplary damages in an amount jury deems reasonable under the circumstances in excess of the minimal jurisdictional limits of the Court, costs of court, pre and post-judgment interest at the legal rate, and for all other relief, at law or in equity, for which they may show themselves justly entitled.

> Respectfully submitted,
>
> ZAPATA & KALE, LLP
> 219 North Alamo Street, Suite 300
> San Antonio, Texas 78205
> Telephone: (210) 822-7902
> Facsimile: (210) 822-8388

*Ray Zapata*
By: RAY ZAPATA
State Bar No. 24047165
ray@zklawfirm.com

**PLAINTIFFS RESPECTFULLY REQUEST A JURY TRIAL.**